# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:19-cr-00060-MR-WCM-2

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | **O R D E R** |
| ) | |
| MICHAEL DEAN BYERS,  ) | |
| ) | |
| Defendant.  ) | |
| _____  ) | |

**THIS MATTER** is before the Court upon the Defendant's Motion for District Judge to Reconsider Detention Order of Magistrate Judge [Doc. 61].

## I. PROCEDURAL BACKGROUND

On June 5, 2019, the Defendant was charged in a Bill of Indictment with one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; one count of possession with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and one count of distribution of at least five grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. The Defendant's initial appearance was held before the Honorable W. Carleton Metcalf, United States Magistrate

Judge, on July 3, 2019, at which time the Defendant was appointed counsel. The Government moved for detention of the Defendant pending trial. The Defendant waived the applicable time limits so that a hearing on the motion could be scheduled in Asheville.

A detention hearing was held on July 15, 2019. At the hearing, the Government proffered for the Court's consideration the Pretrial Services report, which outlines the Defendant's criminal history. The Government also called Brian Leopard, a law enforcement officer with the Swain County Sheriff's Office who also serves as a task force officer with the DEA. The Defendant offered the testimony of his niece, Ashley Bjorneboe.

Upon conclusion of the hearing, Judge Metcalf ordered the Defendant to be detained. A Detention Order was entered on July 16, 2019. [Doc. 57].

On July 26, 2019, defense counsel filed the present motion, seeking review and revocation of the detention order. [Doc. 61].

## II. STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered detained by a magistrate judge, ... the person may file, with the court having

> original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). In reviewing a motion to revoke or amend an order of detention, the Court reviews the Magistrate Judge's Order <u>de novo</u>. <u>United States v. Stewart</u>, 19 F. App'x 46, 48 (4th Cir. 2001). The Court "must make an independent determination of the proper pretrial detention or conditions of release." <u>Id.</u>

**III. ANALYSIS**

Section 3142 of Title 18 of the United States Code provides that if, after holding a hearing, the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court shall order the detention of the person pending trial. 18 U.S.C. § 3142(e)(1). There is a presumption of detention, rebuttable by the defendant, if the Court finds that there is probable cause to believe that the defendant committed certain enumerated offenses. <u>See</u> 18 U.S.C. § 3142(e)(3).

In determining whether detention pending trial is appropriate, the Court must consider the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of

3

violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that detention is warranted in this case. Based upon the record before the Court, the Court finds and concludes that there is probable cause

to believe that the Defendant committed an offense under 21 U.S.C. § 841(a)(1) for which the maximum term of imprisonment is ten years or more, thus giving rise to a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community.  See 18 U.S.C. § 3142(e)(3)(A).

The Court further finds and concludes that the Defendant has failed to rebut this presumption.  While the Defendant has significant family ties in the Clay County and had no significant criminal history until recently, he has been charged with multiple drug-related offenses within the past two years.  He also has no verifiable history of employment, and no evidence was proffered regarding any potential employment opportunities in the event of his release.

The Defendant seeks to rebut the presumption of detention by relying on evidence that, if released, he would return to residing with his father, as he had before he began incurring drug-related charges.  As the Magistrate Judge properly noted, however, allowing the Defendant to reside alone with a father who is in poor health and who requires daily assistance and medical care would not "sufficiently mitigate the risks of potential danger to the community."  [Doc. 57 at 7].

The Defendant further argues that "it is clear from both the hearing evidence and the background provided by the pretrial services report that *if Mr. Byers is not involved with methamphetamine*, he is not a risk to flee or to create danger in the community." [Doc. 61 at 6] (emphasis added). The same could be said of practically all defendants who appear before this Court. On this record, there is probable cause to find that the Defendant's involvement with methamphetamine over the past two years has been significant and that such involvement only ceased when he was arrested. Based on the evidence presented, the Court finds by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the safety of the community.

Having conducted an independent review of the audio recording of the detention hearing and the Order of Detention, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has not rebutted the presumption of detention. Accordingly, the Court will affirm the Defendant's detention pending trial.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for District Judge to Reconsider Detention Order of Magistrate Judge [Doc. 61] is **DENIED**, and the Order of Detention [Doc. 57] is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: August 5, 2019

Martin Reidinger
United States District Judge