IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

FILED IN COURT
ASHEVILLE, NC

APR 1 6 2020

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

DOCKET NO.: 1:19-CR-00060

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF FORFEITURE** |
| | ) | |
| 2) MICHAEL DEAN BYERS | ) | |

This matter is before the Court on the Government's oral motion. THIS COURT FINDS AS FOLLOWS:

1.     The Superseding Bill of Indictment (Doc. 63) in this case charged Defendant with violations of 21 U.S.C. § 846 and 841(a)(1). The Indictment also provided notice that property was subject to forfeiture pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924, and/or 28 U.S.C. § 2461(c) and specifically contained a Grand Jury finding that there was probable cause the following property was subject to forfeiture:

> f.     FEG 9mm semi-automatic pistol and ammunition seized on September 5, 2018 from the residence of 2) MICHAEL DEAN BYERS and 6) DONNA MICHELLE MORROW.[1]

2.     Defendant pleaded guilty to Count One in the Indictment, a violation of 21 U.S.C. § 846. Based on the information contained in the Superseding Bill of

---

[1] More specifically, one FEG Hungary 9mm caliber handgun, bearing serial number R69755, including loaded ammunition.

Indictment and Grand Jury finding of probable cause, plea of guilt, the Factual Basis, the Presentence Investigation Report, and the record, the Government has established by the preponderance of the evidence the requisite nexus between the property and such offenses. Further, in Paragraph 9(b) of the Plea Agreement, Defendant agreed to the forfeiture of the assets listed in the charging document.

**IT IS THEREFORE ORDERED** that the following property is forfeited to the United States:

**One FEG Hungary 9mm caliber handgun, bearing serial number R69755, including loaded ammunition.**

Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the

subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n). If no third party files a timely claim, this Order of forfeiture shall become Final and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(c)(2).

Signed: April 16, 2020

Martin Reidinger
United States District Judge